**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> Canoo, Inc., <br><br>     Debtor. | Chapter 7 <br><br> Case No. 25-10094 (BLS) <br><br> (Joint Administration Pending) <br><br> **Re: Docket Item 6** |
| In re: <br><br> EV Global Holdco LLC, <br><br>     Debtor. | Chapter 7 <br><br> Case No. 25-10095 (BLS) <br><br> (Joint Administration Pending) <br><br> **Re: Docket Item 6** |
| In re: <br><br> EV US Holdco Inc., <br><br>     Debtor. | Chapter 7 <br><br> Case No. 25-10096 (BLS) <br><br> (Joint Administration Pending) <br><br> **Re: Docket Item 6** |
| In re: <br><br> Canoo Technologies Inc., <br><br>     Debtor. | Chapter 7 <br><br> Case No. 25-10099 (BLS) <br><br> (Joint Administration Pending) <br><br> **Re: Docket Item 5** |
| In re: <br><br> Canoo Manufacturing, LLC <br><br>     Debtor. | Chapter 7 <br><br> Case No. 25-10097 (BLS) <br><br> (Joint Administration Pending) <br><br> **Re: Docket Item 5** |
| In re: <br><br> Canoo Sales, LLC <br><br>     Debtor. | Chapter 7 <br><br> Case No. 25-10098 (BLS) <br><br> (Joint Administration Pending) <br><br> **Re: Docket Item 5** |

## ORDER GRANTING MOTION FOR JOINT ADMINISTRATION

Upon the motion (the "Motion")[1] of the interim Chapter 7 Trustee for an order (a) directing the joint administration of the Debtors' Chapter 7 cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that there is just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth in this Order.

2. The above-captioned cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 25-10094 BLS.

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | ) | Chapter 7 |
|---|---|---|
|  | ) |  |
| CANOO, INC., *et al.,*[1] | ) | Case No. 25-10094 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Canoo, Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc., (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing (25-10097 BLS); and Canoo Sales, LLC (25-10098 BLS.

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

4. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than that of Debtor Canoo, Inc. to reflect the joint administration of these cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the cases of Canoo, Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc., (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing (25-10097 BLS); and Canoo Sales, LLC (25-10098 BLS). The docket in Case No. 25-10094 should be consulted for all matters affecting these cases.

5. The Clerk of the United States Bankruptcy Court for the District of Delaware shall keep one consolidated docket, one file, and one consolidated service list for these cases.

6. Nothing in this Order shall be deemed or construed as directing or otherwise effecting substantive consolidation of these cases and this Order shall be without prejudice to the rights of the Trustee to seek entry of an Order substantively consolidating their respective cases.

7. All pleadings, notices, and other submissions in these cases shall be filed on the docket for Case No: 25-10094 (BLS). However, any proof of claim must be filed in the case of the particular Debtor against which such claim is asserted.

8. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: January 30th, 2025  
Wilmington, Delaware

BRENDAN L. SHANNON  
UNITED STATES BANKRUPTCY JUDGE